**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RAMON ANTONIO
TERRERO BAUTISTA,

*Petitioner,*

v. No. 2:26-cv-00746-SMD-KRS

WARDEN OF THE OTERO COUNTY
PROCESSING CENTER, *et al.*,

*Respondents.*

**ORDER**

THIS MATTER is before the Court on Petitioner Ramon Antonio Terrero Bautista's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1 (the "Petition"). Respondents filed a Response to the Petition on March 25, 2026. Doc. 7 (the "Response"). Petitioner filed a Reply on April 9, 2026. Doc. 8 (the "Reply"). On July 13, 2026, Respondents filed a Request to Lift the Court's Order Enjoining Transfer, requesting that the Court lift the restrictions on Petitioner's transfer and removal. Doc. 10 (the "First Request"). Respondents filed a second such Request on September 15, 2026. Doc. 11 (the "Second Request"). After the Court ordered additional briefing (Doc. 12), Respondents filed a Supplemental Report (Doc. 13). Petitioner did not file any reply to the Request, Second Request, or Supplemental Report.

The Court has reviewed the Petition, the Response, the First Request, the Second Request, the Supplemental Report, the record, and the relevant law. For the reasons below, the restrictions on Petitioner's transfer and removal are **LIFTED**. Respondents shall either remove Petitioner from the United State through lawful means within four weeks or **RELEASE** him from custody.

**BACKGROUND**

Petitioner is a citizen of the Dominican Republic who is subject to a final order of removal entered on May 14, 2026; Petitioner's appeal was dismissed on June 24, 2026. Doc. 10-3 at 1. Petitioner entered the United States in 2014, is married to a U.S. citizen, and has three children. He was detained on July 14, 2025, by immigration officials. Doc. 1 at 4; Doc. 7 at 2.

Petitioner challenges his continued detention and seeks release from custody. *See* Doc. 1. On March 13, 2026, the Court ordered Respondents to answer the Petition and prohibited Respondents from transferring or removing Petitioner from the District of New Mexico while this action remained pending. *See* Doc. 3 ("March 13 Order").

In the First Request and Second Request, Respondents request that the Court lift the restrictions imposed by the March 13 Order. *See* Docs. 10, 11. Respondents state therein that they anticipate Petitioner could be removed to the Dominican Republic within the reasonably foreseeable future and, in support of their contention, submit declarations from deportation officers Paul J. Castro and Michael Sepulveda. *See id.* Mr. Castro and Mr. Sepulveda both state that Petitioner has a final order of removal and can be scheduled for a removal mission once the stay imposed by the March 13 Order is lifted. *See* Doc. 10-2 at 2; Doc. 11-1 at 2.

On October 29, 2026, the Court ordered Respondents to provide further information regarding the removal. *See* Doc. 13 ("October 29 Order"). In their timely-filed Supplemental Report, Respondents provide another declaration from Mr. Sepulveda, who sets forth the removal process to the Dominican Republic and states that Petitioner did not perfect an appeal of his removal order with the Board of Immigration Appeals and that removal may be completed in less than one month. *See* Doc. 13-1.

.

## LEGAL STANDARD

An application for habeas corpus under 28 U.S.C. § 2241 may be granted where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for immigration detention unrelated to review of the merits of a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

Once an order of removal becomes administratively final, detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021). Section 1231 generally provides a ninety-day removal period. 8 U.S.C. § 1231(a)(1)(A). Certain noncitizens who have not been removed during that period may remain detained beyond it. *Id.* § 1231(a)(6).

Section 1231(a)(6), however, does not authorize indefinite detention. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* And as detention continues, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

## DISCUSSION

Petitioner's detention is approaching the presumptively reasonable six-month period recognized in *Zadvydas*. He has been detained for approximately five months since his order of removal became final, and for over 16 months in total. The Court acknowledges, however, that Respondents filed their First Request in July 2026, during the 90-day mandatory detention period.

Respondents submit sworn evidence stating that a travel document is not necessary for verification of Petitioner's identity and nationality because the Dominican Republic participates in the Electronic Nationality Verification ("ENV") process. *See* Doc. 13-1. Respondents also state that removal can be completed in less than one month. *See id.*

The record shows that the Court's restrictions in the March 13 Order prevent Respondents from effecting Petitioner's removal and, additionally, Respondents have made a showing that there is a significant likelihood of removal in the reasonably foreseeable future. The present restriction prevents Respondents from transferring or removing Petitioner and therefore prevents the Respondents from attempting the removal described in its filings. That evidence materially distinguishes this case from one in which removal remains merely speculative. *Cf. Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (concluding that detention did not raise the prospect of indefinite detention where travel documents had issued and removal efforts were ongoing).

Thus, the Court will lift the restrictions in the March 13 Order. As Respondents state that they can complete the removal process in less than one month, Respondents shall have four weeks from entry of this Order to remove Petitioner from the United States through lawful means or, if they do not do so, to release Petitioner from custody without any new conditions of supervision.

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) Respondents' First and Second Requests (Docs. 10, 11) are **GRANTED IN PART**;
2) The restriction on Petitioner's transfer and removal imposed by the Court's March 13, 2026 Order (Doc. 3) is **LIFTED**;

3) Within 28 days of entry of this Order, Respondents shall either (1) **REMOVE** Petitioner from the United States through lawful means; or (2) **RELEASE** Petitioner from custody without any additional conditions or restraints beyond those that existed before Petitioner's detainment;

4) No later than December 22, 2026, Respondents **SHALL FILE** a notice of compliance informing the Court whether Petitioner has been removed to the Dominican Republic, or released from custody in compliance with this Order;

5) In the event of release, Respondents **SHALL** provide Petitioner with all personal belongings and facilitate Petitioner's transportation from the detention facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;

6) In the event of release, Respondents **SHALL NOT** re-detain Petitioner absent compliance with all applicable regulations, and with any change in circumstances showing that his removal is reasonably foreseeable supported by, for instance, communications from a foreign government agreeing to accept him, the procurement of travel documents, and a credible anticipated timeline to lawfully effectuate his removal;

7) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

8) The Court retains jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**